# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| Automobili Lamborghini S.p.A. <br><br> Plaintiff, <br><br> v. <br><br> Velocity Motorcars Nashville LLC, <br><br> Defendant. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Automobili Lamborghini S.p.A. ("Lamborghini" or "Plaintiff"), by counsel, alleges as follows for its Complaint against Velocity Motorcars Nashville LLC ("Velocity Motorcars" or "Defendant").

## NATURE OF THIS ACTION

1. This is an action against Velocity Motorcars for trademark infringement and cybersquatting under the Lanham Act. 15 U.S.C. §§ 1114, 1116, 1117, 1125(d).

2. Lamborghini files this action against an entity that infringes upon Lamborghini's world-renowned reputation by using Lamborghini's trademark without license while holding itself out as a certified dealer of Lamborghini cars. Lamborghini has been, and continues to be, irreparably damaged by Defendant's willful actions that cause consumer confusion as well as tarnishment and dilution of its valuable trademarks. Consequently, Lamborghini seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Automobili Lamborghini S.p.A. is a corporation organized under the laws of Italy with its principal place of business in Sant'Agata Bolognese, Italy.

4. Upon information and belief, Defendant Velocity Motorcars Nashville LLC is a Tennessee business located at 720 Airpark Center Dr., Nashville, TN 37217. Velocity Motorcars is registered in Tennessee under the name Velocity Motorcars Nashville LLC.

5. Defendant conducts business in the state of Tennessee and this District, including the unlicensed use of Lamborghini's trademarks to sell their products within the state of Tennessee and this District.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act. 15 U.S.C. § 1051, *et seq.*; 28 U.S.C. §§ 1338(a)-(b), 1331, and 1121.

7. Personal jurisdiction over Defendant is proper in this Court based on Defendant's contacts with the State of Tennessee. This action arises from the transaction of Defendant's business in Tennessee, and the Defendant regularly does or solicits business or has derived substantial revenue from services rendered in Tennessee. Moreover, the acts at issue either took place or had intended effects in Tennessee and this Judicial District. Specifically, Plaintiff's claims against the Defendant for trademark infringement and cybersquatting are based on: (1) the Defendant's misuse and unlicensed use of Lamborghini's trademark to hold itself out as a licensed Lamborghini car dealer in order to market and sell used Lamborghini products in this Judicial District; (2) the Defendant's sale and shipment of goods under Defendant's unlicensed use of Lamborghini's trademark in this Judicial District; and, on information and belief, (3) the

Defendant's use of instrumentalities in this District to promote and sell products through the unlicensed use of Lamborghini's trademark or confusingly similar domain name.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. The Defendant resides in and directly targets business activities toward consumers in the United States, including Tennessee and this District, through at least Defendant's main place of business and Defendant's online store. The Defendant is committing tortious acts in Tennessee, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Tennessee.

## BACKGROUND FACTS

### A. Plaintiff's Trademarks

9. Lamborghini is a world-famous automobile manufacturer. Lamborghini's founder, Feruccio Lamborghini, specifically chose the bull logo to represent his supercar brand, and the first Lamborghini production model was launched in 1963. Since that time, Lamborghini's trademarks have become globally renowned.

10. Lamborghini sells automobiles, genuine parts, accessories, and merchandise ("Lamborghini Products") via a network of licensed Lamborghini dealerships throughout the United States. Lamborghini licenses the use of its trademarks to reputable Lamborghini dealers that maintain high standards set by Lamborghini.

11. Lamborghini engages with consumers and aficionados via its website at www.lamborghini.com, and also sells accessories and merchandise via an online store at www.lamborghinistore.com.

12. Lamborghini uses its trademarks in connection with the marketing of Lamborghini vehicles, accessories, parts, services, and merchandise. Lamborghini's distinctive trademarks

symbolize the brand's marketability, reputation, and goodwill. Its U.S. trademarks include the following examples (collectively, the Lamborghini Trademarks):

| Reg. No. | Mark | Reg. Date | First Use | Goods and Services |
|---|---|---|---|---|
| 1622382 | LAMBORGHINI | Nov. 13, 1990 | 1963 | Class 12: Automobiles and structural parts thereof |
| 3671571 | [Lamborghini shield/bull logo] | August 25, 2009 | 1982 | Class 12: Automobiles and structural parts |
| 7021045 | *Lamborghini* | April 11, 2023 | | Class 12: Cars, car parts, bicycles, bicycle parts, scooters, boats, and other goods and services |
| 5677551 | *automobili Lamborghini* | February 19, 2019 | | Class 9: audio speakers; audio headphones; audio equipment for vehicles |

13. The Lamborghini Trademarks have been used exclusively and continuously by Lamborghini for 60 years and has never been abandoned. The above U.S. registrations for the Lamborghini Trademark are valid, subsisting, in full force and effect, and the first two registrations—the LAMBORGHINI word mark and for the "Bull" logo—are incontestable pursuant to 15 U.S.C. § 1065. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office are attached hereto as Exhibit 1. The registrations for the Lamborghini Trademarks constitute *prima facie* evidence of their validity and of Lamborghini's exclusive right to use the Lamborghini Trademarks pursuant to 15 U.S.C. § 1057(b).

14. Lamborghini has spent millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks throughout the world. This advertising and

expenditures, the significant sales of Lamborghini Products in the United States and worldwide, and the cachet associated with its supercars have made the Lamborghini Trademarks world-famous and the consuming public exclusively associates those trademarks with Lamborghini.

### B. Defendant's Unlawful Conduct

15. Velocity Motorcars is a used luxury car dealership based in Nashville, Tennessee. Velocity Motorcars has no formal relationship or affiliation with Lamborghini.

16. In 2021, Velocity Motorcars registered the domain name lamborghininashville.com without Plaintiff's license or authorization.

17. On August 31, 2021, a U.S. affiliate of Plaintiff sent Velocity Motorcars a cease and desist letter stating that Velocity Motorcars' use of the domain name infringed upon Lamborghini's trademarks and violated the Anticybersquatting Consumer Protection Act. The letter requested that Velocity Motorcars cease using Lamborghini's registered trademark and transfer ownership of the domain name to Plaintiff. A true and correct copy of this letter is attached hereto as Exhibit 2.

18. On September 13, 2021, John Pasas, the owner of Velocity Motorcars, responded and stated that, "[they] are invested into the domain and [were] unwilling to just hand it over." A true and correct copy of this letter is attached hereto as Exhibit 3.

19. Plaintiff filed a complaint with the WIPO Arbitration and Mediation Center (the "Center") on April 7, 2022, requesting transfer of the domain name. The Panel found that the domain name was registered and used in bad faith and ordered that the domain name be transferred to Plaintiff. A true and correct copy of this decision is attached hereto as Exhibit 4. Pursuant to the decision, the lamborghininashville.com domain name was transferred to Plaintiff.

20. Despite this finding, Defendant continues to impermissibly use Lamborghini's trademark. For example, after the loss of the lamborghininashville.com domain, Defendant

proceeded to register the domain name "lamborghiniofnashville.net" which directs users to Defendant's main website.

21. Likewise, Defendant uses Lamborghini's trademarks as advertising in its garage, effectively holding itself out as a Lamborghini dealer despite maintaining no affiliation or relationship with Lamborghini. True and correct copies of photos from Defendant's social media account depicting use of Lamborghini's trademarks are attached hereto as Exhibit 5.

22. The Defendant's continued prominent display of Plaintiff's Trademarks in promoting its business, and within its domain name goes beyond nominative fair use, and is likely to cause and has caused confusion, mistake, and deception by and among consumers regarding the relationship, association, or affiliation between Plaintiff and Defendant, and is irreparably harming Plaintiff.

## **COUNT I: TRADEMARK INFRINGEMENT**

23. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 22.

24. This is a trademark infringement action against the Defendant based on its unauthorized use in commerce of the federally registered Lamborghini Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods.

25. The Lamborghini Trademarks are distinctive marks.

26. The Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products using the Lamborghini Trademarks without Plaintiff's permission.

27. Lamborghini is the exclusive owner of the Lamborghini Trademarks. Plaintiff's United States Registrations for its Trademarks are in full force and effect. *See* Exhibit 1. Upon information and belief, the Defendant has knowledge of Plaintiff's rights in the Lamborghini

Trademarks and is willfully infringing, and intentionally using the Lamborghini Trademarks. The Defendant's willful, intentional, and unauthorized use of the Lamborghini Trademarks is likely to cause, and is causing, confusion, mistake, and deception as to the relationship between Defendant and Plaintiff.

28. The Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act. 15 U.S.C. § 1114.

29. Plaintiff has no adequate remedy at law and if the Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Lamborghini Trademarks.

30. The injuries and damages sustained by Plaintiff have been directly and proximately caused by the Defendant's wrongful use of the Lamborghini Trademarks.

## COUNT II: TRADEMARK DILUTION

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32. This is a trademark infringement action against the Defendant based on its unauthorized use in commerce of the federally registered Lamborghini Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods.

33. The Lamborghini Trademarks are famous marks in the United States as well as worldwide.

34. The Lamborghini Trademarks are distinctive marks.

35. The Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products using the Lamborghini Trademarks without Plaintiff's permission.

36. Defendant's use of the Lamborghini Trademarks began after the Lamborghini Trademarks became famous.

37. Defendants' use of the Lamborghini Trademarks cause dilution of the distinctive quality of the Lamborghini Trademarks.

38. Lamborghini is the exclusive owner of the Lamborghini Trademarks. Plaintiff's United States Registrations for its Trademarks are in full force and effect. *See* Exhibit 1.

39. Plaintiff has no adequate remedy at law and if the Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Lamborghini Trademarks.

40. The injuries and damages sustained by Plaintiff have been directly and proximately caused by the Defendant's wrongful use of the Lamborghini Trademarks.

## COUNT III: CLAIM FOR RELIEF FOR CYBERPIRACY UNDER §43(D) OF THE LANHAM ACT (15 U.S.C. § 1125(D))

41. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40.

42. Lamborghini's federally registered Lamborghini Trademarks are famous and distinctive and were famous and distinctive prior to the registration of the domain name "lamborghiniofnashville.net."

43. The Defendant's domain name fully incorporates the LAMBORGHINI mark.

44. The use of the LAMBORGHINI mark within the Defendant's domain name and associated website is without authorization from Lamborghini.

45. The Defendant's website, lamborghiniofnashville.net, is likely to be confused with Lamborghini's legitimate online location at www.lamborghini.com because it implies the entity is related to Lamborghini.

46. Upon information and belief, the Defendant registered the "lamborghiniofnashville.net" domain name with the intent to divert consumers away from Lamborghini's online locations, including "Lamborghini.com" and authorized Lamborghini dealer websites for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant's website.

47. Defendant registered the lamborghiniofnashville.net domain name after WIPO ordered transfer of Defendant's prior lamborghininnashville.com domain name to Plaintiff, pursuant to a May 19, 2022 UDRP decision.

48. The aforesaid acts by the Defendant constitutes registration, maintenance, and use of a domain name confusingly similar to Plaintiff's Lamborghini Trademarks, with a bad faith intent to profit therefrom.

49. The aforesaid acts by the Defendant constitutes unlawful cyber piracy in violation of the Anti-Cybersquatting Consumer Protection Act. 15 U.S.C. § 1125(d)(a).

50. The aforesaid acts have caused, and are causing, great and irreparable harm to Lamborghini and the public. The harm to Lamborghini includes harm to the value and goodwill associated with the Lamborghini Trademark that money cannot compensate. Unless permanently restrained and enjoined by this Court, the irreparable harm will continue.

51. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Lamborghini is entitled to an order transferring the Defendant's domain name to Lamborghini.

**PRAYER FOR RELIEF**

A. That the Defendant and its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, though, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the Lamborghini Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner that implies it is a registered dealer of Lamborghini, or is otherwise related to, or associated or affiliated with Plaintiff, including the use of the Lamborghini Trademark as part of a domain name;

b. committing any acts calculated to cause consumers to believe that the Defendant is related, associated or affiliated with Lamborghini;

c. further infringing the Lamborghini Trademark and damaging Plaintiff's goodwill; and

B. Entry of an Order transferring the "lamborghiniofnashville.net" domain name to Plaintiff.

C. That the Defendants account for and pay to Plaintiff all profits realized by the Defendants by reason of the Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Lamborghini Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D. That Plaintiff be awarded statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(d).

E. That Plaintiff be awarded its reasonable attorneys' fees and costs.

F. Award any and all other relief that this Court deems just and proper.

Dated: September 18, 2023

Respectfully submitted,
By: /s/ Ryan D. Levy
Ryan D. Levy (TN BPR 024568)
Mark A. Kilgore (TN BPR 036080)
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
T: (615) 242-2400
F: (615) 242-2221
rdl@iplawgroup.com
mak@iplawgroup.com

Nicholas J. Nowak (*pro hac vice* application forthcoming)
Daniel E. Yonan (*pro hac vice* application forthcoming)
Lauren Watt (*pro hac vice* application forthcoming)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1101 K Street NW, 10th Floor
Washington, DC 20005
T: (202) 371-2600
F: (202) 371-2540
nnowak@sternekessler.com
dyonan@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Plaintiff Automobili Lamborghini S.p.A.*