# Exhibit 4



ARBITRATION
AND
MEDIATION CENTER

# ADMINISTRATIVE PANEL DECISION
Automobili Lamborghini S.p.A. v. Jon Davachi
Case No. D2022-1243

## 1. The Parties

The Complainant is Automobili Lamborghini S.p.A., Italy, represented by HK2 Rechtsanwälte, Germany.

The Respondent is Jon Davachi, United States of America ("United States").

## 2. The Domain Name and Registrar

The disputed domain name <lamborghininashville.com> (the "Domain Name") is registered with GoDaddy.com, LLC (the "Registrar").

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on April 7, 2022. On April 8, 2022, the Center transmitted by email to the Registrar a request for registrar verification in connection with the Domain Name. On April 8, 2022, the Registrar transmitted by email to the Center its verification response disclosing registrant and contact information for the Domain Name, which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on April 11, 2022, providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amendment to the Complaint on April 14, 2022.

The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy" or "UDRP"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2 and 4, the Center formally notified the Respondent of the Complaint, and the proceedings commenced on April 19, 2022. In accordance with the Rules, paragraph 5, the due date for Response was May 9, 2022. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on May 10, 2022.

The Center appointed Willem J. H. Leppink as the sole panelist in this matter on May 12, 2022. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and

Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

The following facts are undisputed.

The Complainant is an Italian manufacturer of sports cars based in Sant'Agata Bolognese, Italy. The company of the Complainant was founded in 1963 by Ferruccio Lamborghini as Automobili Ferrucio Lamborghini. The vehicles of the Complainant belong to the world's most famous luxury sports cars.

The Complainant owns several trademark registrations comprising the word element "LAMBORGHINI", including but not limited to the European Union TradeMark LAMBORGHINI (word mark), with Registration No. 001098383, with a filing date of March 8, 1999 and a registration date of June 21, 2000, for goods and services in classes 7, 9, 12, 14, 16, 18, 25, 27, 28, 36, 37 and 41, and the United States Trademark LAMBORGHINI (word mark), with Registration No. 1622382, with a filing date of January 16, 1990 and a registration date of November 13, 1990, for goods in classes 12 and 19 (hereinafter jointly referred to in singular as the "Trademark").

The Domain Name was registered on March 5, 2011, and does not resolve to any active website.

## 5. Parties' Contentions

### A. Complainant

Insofar as relevant for deciding this matter, the Complainant contends the following:

On August 31, 2021, the Complainant's attorney sent a cease-and-desist letter to the Respondent. In this letter, the Respondent was requested to sign an agreement to permanently and immediately cease and desist from all unauthorized use of the Complainant's intellectual property rights. On September 13, 2021, the Respondent replied that he has invested in the domain and is unwilling to hand it over.

LAMBORGHINI is a well-known, world-famous trademark and of a strong reputation (amongst others A*utomobili Lamborghini S.p.A. v. Johan Schepers*, WIPO Case No. D2021-1154).

The Domain Name is confusingly similar to the Trademark. The Domain Name consists of two elements, namely the Trademark followed by the name of a major city in Tennessee, United States, "Nashville". The Trademark stands out in the Domain Name and leads the public to think that the Domain Name is somehow connected to the Complainant. The suffix "Nashville" does not distinguish the Domain Name from the Complainant's Trademark. Also, the addition of a geographic location to a trademark within a domain name does not prevent a finding of confusingly similarity.

The Respondent has no rights or legitimate interest in respect of the Domain Name. The Respondent is not and has never been commonly known by the Domain Name. Moreover, in the Respondent's response to the sent cease-and-desist letter, the Respondent refused to sign the agreement. This response was a clear indication that the Respondent intended to negotiate and sell the Domain Name at a price favorable to the Respondent. This reaction confirms that the Respondent had no intention in using the Domain Name in connection with a *bona fide* offering of goods or services. In addition, the Domain Name does not resolve to an active website. Last, where the Domain Name consist of the Trademark plus an additional term, panels have largely held that such composition cannot constitute fair use.

The Domain Name was registered and has been used in bad faith. Because of the well-known character and reputation of the Trademark, the Respondent must have had knowledge of the Complainant's

Trademark and use in the market. Despite the non-active content on the website of the Domain Name, this does not prevent a finding of bad faith. The unauthorized registration of the Domain Name by the Respondent and its passive holding, likely in the aim of fraudulent uses, are for the purpose of commercial gain and then constitute bad faith registration and use.

**B. Respondent**

The Respondent did not reply to the Complainant's contentions.

**6. Discussion and Findings**

Pursuant to paragraph 4(a) of the Policy, the Complainant must prove each of the following three elements:

(i) the Domain Name is identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and

(ii) the Respondent has no rights or legitimate interests in respect of the Domain Name; and

(iii) the Domain Name has been registered and is being used in bad faith.

**A. Identical or Confusingly Similar**

The Complainant must demonstrate that it has rights in a trademark or service mark and, if so, the Domain Name must be shown to be identical or confusingly similar to the mark.

The Complainant has shown that it has valid rights in the Trademark in various jurisdictions, including the United States.

As set out in the WIPO Overview of WIPO Panel Views on Selected UDRP Questions, Third Edition ("WIPO Overview 3.0"), section 1.7, the first element functions primarily as a standing requirement. The threshold test for confusing similarity between the Domain Name and the Trademark involves a side-by-side comparison of the domain name and the textual components of the relevant trademark to assess whether the mark is recognizable within the disputed domain name. According to the WIPO Overview 3.0, this may also include recognizability by technological means such as search engine algorithms.

The Panel finds that the Domain Name is confusingly similar to the Trademark, as required by the Policy. First of all, the Trademark is recognizable in its entirety within the Domain Name. In addition, as set out in the WIPO Overview 3.0, section 1.8, the addition of other terms would not prevent a finding that a domain name is confusingly similar to the relevant mark for purposes of the first element. In the current matter, the Panel states that the addition of the geographical term "Nashville" does not prevent a finding of confusing similarity between the Domain Name and the Complainant's Trademark (see *Playboy Enterprises International, Inc. v. Zeynel Demirtas*, WIPO Case No. D2007-0768).

Also, the addition of the generic Top-Level-Domain ("gTLD") ".com" to the Domain Name does not prevent the Domain Name from being confusingly similar to the Complainant's Trademark (see *Arthur Guinness Son & Co. (Dublin) Limited v. Dejan Macesic*, WIPO Case No. D2000-1698; and *America Online, Inc. v. Johuathan Investments, Inc., and AOLLNEWS.COM*, WIPO Case No. D2001-0918).

In light of the foregoing, the Panel finds that the Domain Name is confusingly similar to the Trademark.

Therefore, the Panel is satisfied that the first element of the Policy is met.

**B. Rights or Legitimate Interests**

The Panel has carefully considered the factual allegations that have been made by the Complainant and are supported by the submitted evidence.

In particular, the Respondent has failed to offer the Panel any of the types of evidence set forth in paragraph 4(c) of the Policy from which the Panel might conclude that the Respondent has rights or legitimate interests in the Domain Name, such as:

(i) use or preparation to use the Domain Name or a name corresponding to the Domain Name in connection with a *bona fide* offering of goods or services prior to notice of the dispute to the Respondent; or

(ii) being commonly known by the Domain Name (as an individual, business or other organization) even if the Respondent has not acquired any trademark or service mark rights; or

(iii) making a legitimate noncommercial or fair use of the Domain Name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

The Respondent does not seem to be affiliated with the Complainant in any way. There is no evidence that the term "Lamborghininashville" is the Respondent's name or that the Respondent is commonly known under this name. There is also no evidence that the Respondent is, or has ever been, a licensee of the Complainant or that the Respondent has ever asked, or has ever been permitted in any way by the Complainant to register or use the Trademark, or to apply for or use any domain name incorporating the Trademark.

Furthermore, now that the Domain Name does not have any active content, and lacking any Response, the Panel concludes that the Respondent is not considering a *bona fide* offering of goods or services under the Domain Name, nor a legitimate noncommercial or fair use.

Now that the Domain Name consists of the Trademark followed by the place where the Respondent seems to be domiciled, it could be possible that the Respondent is or purports to be a reseller, distributor or service provider of the Lamborghini sports cars. Panels have recognized that resellers, distributors, or service providers using a domain name containing the complainant's trademark to undertake sales or repairs related to the complainant's goods or services may be making a *bona fide* offering of goods and services and thus have a legitimate interest in such domain name, as outlined in the "Oki Data test" ([WIPO Overview 3.0](WIPO Overview 3.0) section 2.8).

However, the Panel considers that the Oki Data test should not be applied in this specific matter, now that there is no active content connected to the Domain Name and therefore there is no offering of goods and/or services by the Respondent in the first place, let alone a *bona fide* offering.

Accordingly, the Panel finds that the Respondent cannot be said to have rights to or legitimate interests in the Domain Name.

Therefore, the Panel is satisfied that the second element of the Policy is met.

**C. Registered and Used in Bad Faith**

The Panel finds that the Domain Name was registered and is being used in bad faith.

The Panel refers to its considerations under section 6.B and adds the following.

In light of the evidence filed by the Complainant, the Panel finds that the Trademark and the Complainant's products are well-known throughout the world.

The well-known and worldwide reputation of the Complainant and its Trademark, the distinctiveness of the Trademark, and the fact that the Respondent did not file a response to the Complaint, are all circumstances from which the Panel draws the conclusion that the Domain Name was registered and is being used in bad faith.  Furthermore, the nature of the Domain Name, being the widely-known Trademark with a geographic additional term, and the clear absence of any rights or legitimate interest by the Respondent and even the confirmation of the Respondent suggesting to sell the Domain Name, support a finding of bad faith in this case (see WIPO Overview 3.0, sections 3.1.1 and 3.2.1).  On balance, the Panel finds that here the Respondent must have registered the Domain Name in bad faith.  As stated in section 3.3 of the WIPO Overview 3.0, panelists have found that the non-use of a domain name (including a blank or "coming soon" page) would not prevent a finding of bad faith under the doctrine of passive holding.

Therefore, the Panel is satisfied that the third element of the Policy is met.

### 7. Decision

For the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the Domain Name, <lamborghininashville.com> be transferred to the Complainant.

*/Willem J. H. Leppink/*
**Willem J. H. Leppink**
Sole Panelist
Date:  May 19, 2022